**Clara M. GORDON, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services of the United States, Defendant-Appellee.**

No. 85–3621.

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 1986.

---

Hester H. Honda, Robert Roach, Ft. Myers, Fla., for plaintiff-appellant.

Robert W. Merkle, U.S. Atty., Virginia M. Covington, Asst. U.S. Atty., Tampa, Fla., for defendant-appellee.

Before FAY, CLARK and NIES[*], Circuit Judges.

## CORRECTED OPINION

CLARK, Circuit Judge:

The Appellant, Clara M. Gordon, seeks survivors insurance benefit payments as the "deemed" widow of Eugene Gordon pursuant to 42 U.S.C. §§ 402(e) and 416(h)(1)(B). The Secretary of Health and Human Services ("Secretary") denied the application, and the district court affirmed that decision upon the recommendation of the magistrate. Because the district court failed to apply the second holding of *Woodson v. Schweiker*, 656 F.2d 1169 (5th Cir. 1981),[1] which controls our decision in this case, we reverse.

Clara married Eugene Gordon on March 27, 1972, in the good faith belief that his previous undissolved marriage to Vera Gordon was invalid. The Secretary found, and Clara does not dispute, that Eugene's marriage to Vera was in fact valid. Clara lived with Eugene until his death in 1974.

Vera received widow's disability benefits on Eugene's account for approximately one year, ending in September of 1979. Clara applied for widow's insurance benefits on April 30, 1982. She claims that Vera was no longer entitled to benefits as of September, 1979, and continuing through May 11, 1983, the date of the administrative hearing

on Clara's application. Apparently, Vera is not eligible for widow's insurance benefits because she has not yet reached the age of sixty. The Secretary does not dispute this contention.

Under the Social Security Act, a widow of a fully-insured individual is entitled to benefits upon attaining age 60. 42 U.S.C. § 402(e). Under 42 U.S.C. § 416(h)(1)(B), an applicant who is not a "legal" widow, as defined in § 416(h)(1)(A), may be eligible as a "deemed" widow if:

> such applicant in good faith went through a marriage ceremony with [the insured] individual resulting in a purported marriage between them which, but for a legal impediment not known to the applicant at the time of such ceremony, would have been a valid marriage, and such applicant and the insured individual were living in the same household at the time of the death of such insured individual.... The provisions of the preceding sentence shall not apply (i) if another person is or *has been entitled to a benefit* under subsection (b), (c), (e), (f), or (g) of [42 U.S.C. § 402]....

(emphasis added).

There is no dispute that Clara meets the requirements set forth in the first sentence of the provision just quoted. Further, Clara does not argue on appeal that she is the legal widow of Eugene, and we assume that Vera is the legal widow. The sole issue in this case is whether the emphasized language in the second sentence quoted above renders Clara ineligible as a deemed widow because Vera has received widow's disability insurance benefits on Eugene's account in the past.[2]

In *Woodson v. Schweiker*, 656 F.2d 1169 (5th Cir.1981), we held that a deemed widow may be entitled to benefits in spite of the legal widow's previous entitlement so long as the legal widow is not concurrently

---

[*] Honorable Helen W. Nies, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the

close of business on September 30, 1981. *Id.* at 1209.

**2.** The Secretary does not contend that Clara is ineligible because Vera is currently entitled to benefits but argues only that she is ineligible because Vera "has been entitled" to benefits.

receiving benefits and is given priority in the event of actual conflict. *Id.* at 1172–73. We noted that, where the legal widow has not previously collected benefits, a deemed widow may receive benefits even though the Secretary is on notice that a legal widow exists. We further noted that a legal widow may receive benefits after payment to a deemed widow. Thus, a plain reading of § 416(h)(1)(B) would lead to the illogical result that sequential payments are permitted only if the deemed widow is the first to receive benefits. We concluded that Congress did not intend this inconsistent result but intended only that there be no "double-dipping" and that the legal widow take precedence over the deemed widow in the payment of survivor benefits. Our decision was buttressed by the fact that it would be inequitable to deny the deemed widow benefits drawn from the contributions of her (deemed) husband when the legal widow is not receiving any benefits. Finally, we paid heed to precedent directing us to construe the Social Security Act to avoid conflict with its remedial purposes and in favor of coverage. Thus, despite statutory language and opinions in other circuits that might support a contrary result, we held that the Secretary could not deny benefits to a deemed widow solely because the legal widow had previously received survivors benefits.

The district court distinguished *Woodson* on the ground that the previous payments to the legal widow in that case were made erroneously and so could not justify the subsequent denial of benefits to the deemed widow. There has been no suggestion that Vera's payments were similarly attributable to the Secretary's mistake. While we did find in *Woodson* that the payments to the legal widow had been made in error, we went on to hold that the

deemed widow would be entitled to benefits even if the Secretary had correctly paid the legal widow. *Woodson*, 656 F.2d at 1172–73. This holding, based upon the reasoning recounted above, is expressly independent of the erroneous payments to the legal widow. Unless the facts of this case otherwise differ from those of *Woodson* in some significant respect, we are bound to direct that Clara be paid widow's insurance benefits from Eugene's account.

In his brief, the Secretary does not attempt to persuade us that the second holding of *Woodson* does not control this case. Rather, he points to the plain language of § 416(h)(1)(B) and to decisions of other circuits to argue that *Woodson* was incorrectly decided. As the *Woodson* opinion reflects, we reached that decision fully cognizant of the problems presented by the statutory language and contrary cases. The Secretary has put forth no new argument to convince us to reach the opposite result. In any case, we are bound by *Woodson;* the Secretary's arguments are better suited to a petition for rehearing en banc.

It appears that the Secretary did not try to distinguish *Woodson* with respect to its second holding because he could not meaningfully do so. Most importantly, in this case, as in *Woodson*, the deemed widow does not seek to receive survivors benefits concurrently with the legal widow. In neither case is double-dipping threatened or the legal widow's priority overlooked. Furthermore, in neither case was the legal widow entitled to benefits, let alone actually receiving them, at the time of the deemed widow's application.[3] This case being factually indistinguishable from *Woodson* in all relevant respects, we are bound to follow its holding.

---

**3.** A person who is a legal widow under § 416(h)(1)(A) may nonetheless fail to meet the other requirements for entitlement to widow's insurance benefits set forth in 42 U.S.C. § 402(e). Thus, the legal widow in *Woodson*, although previously entitled to benefits, enjoyed no such entitlement at the time of the deemed widow's application because she had remarried. *See* § 402(e)(1)(A). That Vera has not remar-

ried does not distinguish this case from *Woodson;* so long as she fails to meet any one of the other requirements for entitlement, such as the age requirement, she is no more entitled to benefits than was the legal widow in *Woodson*. We note that the statute permits a deemed widow to collect benefits where the legal widow may in the future be entitled to benefits.

We therefore hold that Clara Gordon is entitled to receive widow's insurance benefits as the deemed widow of Eugene Gordon, notwithstanding the fact that Vera Gordon once received widow's disability benefits on Eugene's account. The order of the district court is

REVERSED.

NIES, Circuit Judge, dissenting:

I respectfully dissent. I would uphold the Secretary's interpretation of 42 U.S.C. § 416(h)(1)(B) which is reasonable in light of the language, policies, and legislative history of the statute. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). As stated therein:

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Id.* at 842–43, 104 S.Ct. at 2781–82 (footnotes omitted).

A court need not conclude that the agency's interpretation is the only one which permissibly could have been adopted, or that it is the preferable reading. *Federal Election Commission v. Democratic Sen-*

atorial Campaign Committee, 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981); *Zenith Radio Corp. v. United States*, 437 U.S. 443, 450, 98 S.Ct. 2441, 2445, 57 L.Ed.2d 337 (1978). We are limited to determining whether the agency's interpretation is reasonable. Where the agency's interpretation is long-standing, as here, even greater deference is due it. *See Young v. Community Nutrition Institute*, — U.S. —, 106 S.Ct. 2360, 90 L.Ed.2d 959 (1986). In view of these considerations, the Secretary's interpretation of 42 U.S.C. § 416(h)(1)(B) must be upheld, as it has been in other circuits. *Martin v. Harris*, 653 F.2d 428 (10th Cir.1981), *cert. denied*, 454 U.S. 1165, 102 S.Ct. 1039, 71 L.Ed.2d 321 (1982); *Dwyer v. Califano*, 636 F.2d 908 (3rd Cir.1980); *Davis v. Califano*, 603 F.2d 618 (7th Cir.1979).

I do not agree with the majority that the alternative "holding" in *Woodson v. Schweiker*, 656 F.2d 1169 (5th Cir.1981), controls. Only by posing a hypothetical case did the *Woodson* court have an opportunity to make the alternative "holding." It reached out to decide a case not before it and, in doing so, opined that the Congressionally-imposed limitation on entitlement had to be nullified to make the statute rational. Since the decision in *Woodson* can rest on the first ground which comports with the statute, I conclude that the second ground need not be considered binding precedent.[1]

The majority points to no explicit legislative history leading to its conclusion. It divines legislative intent from the statute itself. Congress, per the majority, could not have intended the illogical result that sequential payments are permitted only if the deemed widow is the first to receive benefits.

In my view the majority confuses a deemed widow's right to retain payments *rightfully received* until a legal widow

---

1. Moreover, even as an "alternative" holding, *Woodson* is limited by the fact that the valid widow in *Woodson* had remarried. That fact distinguishes that case, if necessary, from the present one. The valid widow here has not remarried. Thus, resolution of the present case on the basis of the "alternative" holding of *Woodson* represents an extension of that holding, not merely its application.

makes a claim, as provided in 42 U.S.C. § 416(h)(1)(B), with whether a claimant meets the basic conditions for rightfully receiving such payments as a deemed widow. Only if there have been *no* payments to the legal widow may the Secretary rightfully make payments upon application of another. It is not enough to meet the personal conditions of a deemed widow to establish one's entitlement.

The express provisions of the statute are not, to me, illogical and unintended, but carefully crafted. If the legal widow has received payments, there can, *by definition,* be no deemed widow. Thus, Congress expressly denied the sequence of payments to a legal widow and then to what the majority wrongfully denominates a "deemed" widow. A deemed widow can exist only if *no* payment has been made to a legal widow. The trial court accepted that view of the agency, and I see no basis for reversal.

In reaching the conclusion that affirmance is required, I have also considered the equities in this case. The claimant here is eligible for benefits on the record of former husbands, Paul Colson and Louis Jenkins. Thus, this case has none of the equities facing the court in *Rosenberg v. Richardson,* 538 F.2d 487 (2nd Cir.1976), which led that court to apportion benefits between two claimants.

One point that did trouble me is the following statement in Judge McKay's dissent in *Martin v. Harris,* 653 F.2d at 436:

> In addition to her other interpretations of the statute, the Secretary construed the statute *at oral argument* to allow the "deemed widow" to receive the benefit as soon as the "legal widow" dies. (Emphasis added.)

I agree with Judge McKay that it would be unjustifiable to ignore a benefit received by a legal widow in one instance and not the other. However, that point was not raised by the claimant here who is represented by able counsel and is not discussed in any of the other opinions dealing with deemed widows' rights. Nor does it appear in the regulations. I can only conclude it was a misstatement at oral argument by counsel in *Martin* or possibly was misinterpreted.